UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL LEE MCLEOD, #1314580,

        Petitioner,

v.                                            ACTION NO. 2:13cv340

HAROLD W. CLARKE,
Director, Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

### I. STATEMENT OF THE CASE

**A. Procedural Background**

        Petitioner Michael Lee McLeod pled guilty in the Circuit Court for the City of Norfolk on May 12, 2003, to cruelty to animals and discharging a firearm in a public place. *Comm. of Va. v. McLeod*, CR03001733 (Va. Cir. Ct. May 12, 2003). Petitioner did not appear at his sentencing set for August 1, 2003. Petitioner was stopped for a DUI offense in Florida and was extradited back to Virginia in 2010. At his sentencing hearing held August 6, 2010, Petitioner admitted to fleeing

to Florida prior to his scheduled sentencing. Tr. 24-25, Aug. 6, 2010. Petitioner pled guilty to the new offense of failure to appear. *Comm. of Va. v. McLeod*, CR03003596 (Va. Cir. Ct. Aug. 6, 2010). Petitioner was sentenced to five years and twelve months with one year and twelve months suspended for animal cruelty and discharging a weapon in public. He was sentenced to five years with four years suspended on the failure to appear charge. Final Judgment was entered on August 23, 2010.

On October 18, 2011, the Supreme Court of Virginia granted Petitioner's habeas corpus petition allowing Petitioner to file a belated appeal with the Court of Appeals of Virginia. *McLeod v. Warden, Bland Correctional Center*, Record No. 110875 (Va. Oct. 18, 2011). In the Court of Appeals of Virginia, Petitioner's attorney filed a motion for leave to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The court granted Petitioner an extension of time to file a *pro se* supplemental petition for appeal. After Petitioner filed three *pro se* pleadings, the court granted counsel's motion to withdraw and denied the petition for appeal as wholly frivolous on July 13, 2012. *McLeod v. Com. of Va.*, No. 2222-11-1 (Va. Ct. App. July 13, 2012). Petitioner's petition for rehearing was refused on October 2, 2012. Petitioner did not appeal to the Supreme Court of Virginia.

On July 11, 2012, prior to obtaining a decision in the Court of Appeals, Petitioner filed a habeas corpus petition in this Court, which was dismissed without prejudice for failure to exhaust available state court remedies. *McLeod v. Clarke*, No. 2:12cv384 (E.D. Va. July 13, 2012). Subsequently, Petitioner filed a habeas corpus petition in the Supreme Court of Virginia raising many of the claims raised in the present federal petition, which was dismissed on May 2, 2013. *McLeod v. Warden, Bland Correctional Center*, No. 121905 (Va. May 2, 2013). The Supreme Court of the United States denied certiorari review of the state court's order on October 7, 2013.

Petitioner filed the present petition for writ of habeas corpus in this Court on June 17, 2013, along with a Motion to Vacate Judgment. ECF Nos. 1, 2. Respondent filed a Rule 5 Answer and Motion to Dismiss on November 4, 2013. ECF Nos. 7, 9. Petitioner filed his Response to the Motion to Dismiss, entitled Motion for Summary Judgment, on November 18, 2013. ECF No. 11. Accordingly, this matter is ripe for review.

**B. Grounds Alleged**

Petitioner asserts he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(A)(i) the Commonwealth's conduct at sentencing amounted to an improper constructive amendment of the indictment, as the Commonwealth presented "elements of a crime not alleged in the indictment;"

(A)(ii) he was denied effective assistance of counsel due to counsel's failure to research and advise Petitioner of the applicable law with respect to the constructive amendment;

(B)(i) the trial court wrongly presumed at sentencing that Petitioner validly pled guilty;

(B)(ii) he was denied effective assistance of counsel due to counsel's failure to raise the invalidity of the pleas during the 2010 sentencing hearing;

(C)(i) the 2003 trial court failed to establish a factual basis, on the record, prior to accepting the guilty pleas;

(C)(ii) he was denied effective assistance of counsel due to counsel's failure to ensure Petitioner understood the law in relation to the facts and require that the record accurately reflect such an understanding;

(D)(i) there was no factual basis for the court to accept a guilty plea to a felony, as Petitioner's actions violated two misdemeanor statutes;

(D)(ii) he was denied effective assistance of counsel due to counsel's failure to research applicable law and raise this issue at trial;

(E)(i)   the plea colloquy conducted during the 2003 hearing was deficient;

(E)(ii)   he was denied effective assistance of counsel due to counsel's failure to raise this issue, depriving Petitioner of the opportunity to exercise his right to plead anew;

(F)(i)   the indictment was insufficient with respect to the cruelty to animals charge;

(F)(ii)   he was denied effective assistance of counsel due to counsel's failure to ensure Petitioner understood he was pleading guilty to all of the elements in the indictment and failure to raise the sufficiency of the indictment at trial;

(G)(i)   the admission of the stipulation of facts during Petitioner's plea hearing constituted an extrinsic fraud;

(G)(ii)   he was denied effective assistance of counsel due to counsel's failure to remain proficient in the application of law and assist in an adequate defense;

(H)(i)   probable cause did not exist for the General District Court, or the magistrate who issued the warrants, to believe the statutes charged had been violated;

(H)(ii)   he was denied effective assistance of counsel due to counsel's ignorance of applicable law;

(I)   the statutes to which Petitioner pled guilty are unconstitutionally void for vagueness as applied to his specific conduct; and,

(K)[1]   Petitioner was denied effective assistance of counsel due to counsel's scheduling a May 12, 2003 guilty plea hearing on April 16, 2003, the same day Petitioner was indicted, without having reviewed discovery with any intent to provide an adequate defense.

---

[1] Petitioner inadvertently omitted to label a ground (J) in the petition. Pet'r's Resp. 3, ECF No. 11.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Grounds Simultaneously Exhausted and Procedurally Defaulted**

In Grounds (A)(ii), (B)(ii), (C)(ii), (D)(ii), (E)(ii), (F)(ii), (G)(ii), and (H)(ii), Petitioner asserts he we denied ineffective assistance of counsel. Br. in Suppt. of Pet. 6-17, ECF No. 1-4. Because Petitioner did not present these grounds in his habeas petition to the Supreme Court of Virginia, and would now be barred from presenting them, the grounds are simultaneously exhausted and procedurally defaulted.

Petitioners can challenge a state's custody on grounds that the custody violates the "Constitution or laws or treaties of the United States" by filing a habeas petition pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2254(a). However, the petitioner must first give the state an opportunity to consider the alleged errors occurring in the petitioner's trial and sentencing by exhausting the available state court remedies, or demonstrating the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1); *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). As *Pruett* explains, "[t]his [exhaustion] requirement is strictly enforced, in the interests of giving the state courts the first opportunity to consider and, if necessary, correct the alleged constitutional errors in a person's conviction and sentencing." *Id.* Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Further, "a claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be

procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000).

Simultaneous exhaustion and procedural default ". . . occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). The claim is procedurally defaulted if state courts have not had the opportunity to review a claim and would now refuse to review the claim under an adequate and independent state procedural rule. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Baker v. Corcoran*, 220 F.3d at 288. A state rule is adequate where it is "regularly or consistently applied by the state court," and independent when it "does not depend on a federal constitutional ruling." *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1997) (citing *Johnson v. Mississippi*, 468 U.S. 578, 587 (1988); *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

Grounds (A)(ii), (B)(ii), (C)(ii), (D)(ii), (E)(ii), (F)(ii), (G)(ii), and (H)(ii) are simultaneously exhausted and procedurally defaulted, because they were not brought before the Supreme Court of Virginia, and any attempt to raise them now would be barred as a successive petition under Virginia Code § 8.01-654(B)(2). *See also Dorsey v. Angelone*, 544 S.E.2d 350, 352 (Va. 2001). Virginia's successive petition rule is an adequate and independent state procedural rule. *See Mackall v. Angelone,* 131 F.3d 442, 446 (4th Cir.1997). Accordingly, Grounds (A)(ii), (B)(ii), (C)(ii), (D)(ii), (E)(ii), (F)(ii), (G)(ii), and (H)(ii) should be DENIED as simultaneously exhausted and procedurally defaulted.

**B. Claims Procedurally Defaulted in Petitioner's State Habeas Proceeding**

Similarly, this Court can not address the merits of Petitioner's claims if they were procedurally defaulted in state court. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). A claim is procedurally defaulted when a state court refuses review of the claim under an adequate and independent state procedural rule. *Id.*; *see also Coleman v. Thompson*, 501 U.S. at 729 ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.").

When dismissing Petitioner's petition for a writ of habeas corpus, the Supreme Court of Virginia held that Grounds (A)(i), (B)(i), (C)(i), (D)(i), (E)(i), and (G)(i)[2] were procedurally defaulted pursuant to *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (1974). *McLeod v. Warden*, No. 121905, at 2-3 (Va. May 2, 2013). Under Virginia law, where a petitioner fails to object during trial, or raise an issue on direct appeal, they may not raise the issue in state habeas. *Slayton v. Parrigan*, 205 S.E.2d at 682. The Fourth Circuit has held that *Slayton* constitutes an independent and adequate state procedural rule. *Fisher*, 163 F.3d at 844. Consequently, Grounds (A)(i), (B)(i), (C)(i), (D)(i), (E)(i), and (G)(i) are procedurally defaulted and should be DENIED.

**C. Standard of Review for Grounds the Supreme Court of Virginia Addressed on the Merits**

Petitioner's remaining grounds are properly exhausted and may be reviewed by this Court through the lens of deference to the Supreme Court of Virginia's decision. Under 28 U.S.C.

---

[2] Petitioner's Ground (G)(i) was raised in Petitioner's habeas petition to the Supreme Court of Virginia as claims (G) and (H). The Supreme Court of Virginia denied claims (G) and (H) both because they failed to state a claim of extrinsic fraud, citing *Jones v. Willard*, 299 S.E.2d 504, 508 (1983), and because they are non-jurisdictional issues that could have been raised at trial, citing *Slayton*, 205 S.E.2d at 682. *McLeod v. Warden*, No. 121905, at 3 (Va. May 2, 2013). Petitioner's federal Ground (G)(i) remains procedurally defaulted even though the state court alternatively dismissed on other grounds. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (holding a claim is procedurally barred on federal habeas review where the state court explicitly invokes a state procedural rule even though the state court dismisses on alternative grounds).

7

§ 2254, this Court may not grant relief on any claim that was adjudicated on its merits in State court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2012).

A state court decision is "contrary to" clearly established federal law when a state court arrives at a conclusion opposite that of the Supreme Court on a question of law, or when a state court decides a case differently than the Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision constitutes an "unreasonable application" of federal law when the court identifies the correct governing legal principle from the decisions of the Supreme Court, but unreasonably applies that principle to the facts of the case. *Id.* at 413. A state court need not cite to, or even be aware of, relevant Supreme Court precedent "so long as neither the reasoning nor the result" contradicts or unreasonably applies the law. *Early v. Packer*, 537 U.S. 3, 8 (2002). A state court's factual determinations are "presumed to be correct," and a habeas petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 US.C. § 2254(e)(1). As this is a deferential standard of review, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams*, 529 U.S. at 386-89.

### 1. Valid Guilty Plea Waives All Non-Jurisdictional Defenses Antecedent to a Guilty Plea

The Supreme Court of Virginia dismissed Grounds (F)(i), (H)(i) and (I)[3] pursuant to the principle that a valid guilty plea waives all non-jurisdictional defenses antecedent to a guilty plea, citing *Peyton v. King*, 169 S.E. 2d 569, 571 (Va. 1969). *McLeod v. Warden*, No. 121905, at 3-4 (Va. May 2, 2013). Respondent asserts these claims should be dismissed as procedurally defaulted. Resp. Br. 5. However, a claim is not procedurally barred on federal review unless the state court's decision "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. at 729. A state procedural rule is independent if it "does not depend on a federal constitutional ruling." *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1997); *Bacon v. Lee,* 225 F.3d 470, 476 (4th Cir. 2000) (citation and internal quotations omitted). This court must presume the state court dismissal is not adequate and independent if the decision "fairly appears to rest primarily on federal law, or to be interwoven with the federal law," unless the decision "clearly and expressly rel[ies] on an independent and adequate state ground." *Coleman v. Thompson,* 501 U.S. at 735 (quoting *Michigan v. Long,* 463 U.S. 1032, 1040–41 (1983)).

Previously in the Eastern District of Virginia, a court has held "Virginia's application of the *Peyton* rule fairly appears 'to be interwoven with . . . federal law,' that is, the guilty plea rule articulated in *Tollett*." *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 484-85 (E.D. Va. 2005) (J. Ellis), (citing *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973)). Under these circumstances, the federal habeas court should presume the rule is not an independent and adequate state ground and not rely on procedural default to deny the claim. *See Coleman,* 501 U.S. at 735. Instead, the court

---

[3] Petitioner's federal Grounds (F)(i), (H)(i) and (I) are state habeas claims (F), (I) and (J) respectively. *McLeod v. Warden*, No. 121905, at 4 (Va. May 2, 2013).

9

must review the Supreme Court of Virginia's decision under the deferential standard set forth in 28 U.S.C. § 2254(d).

The Court will address each of these claims with due deference to the Supreme Court of Virginia's decision. "[O]nce judgment on a plea is final, collateral inquiry for constitutional claims that occurred prior to the entry of the guilty plea is generally limited to whether the plea itself was knowing and voluntary." *Slavek*, 359 F. Supp. 2d at 481 (citing *Fields v. Att'y Gen. of Md.,* 956 F.2d 1290, 1294 (4th Cir.1992)). There is an exception to this rule for "jurisdictional" challenges to a guilty plea. *Slavek*, 359 F. Supp. 2d at 481 (citing *Blackledge v. Perry*, 417 U.S. 21 (1974) and *Menna v. New York*, 423 U.S. 61 (1975)).

In Ground (F)(i), Petitioner asserts the indictment was insufficient with respect to the cruelty to animals charge. Br. in Suppt. of Pet. ("Br.") 14-15, ECF No. 1-4. Specifically, Petitioner takes issue with the language of the indictment stating Petitioner "did torture, willfully inflict inhumane injury or pain . . . or cruelty and unnecessarily beat, maim, or mutilate a dog that is a companion animal." Br. 14. Petitioner asserts he "shot and killed his neighbor's dog with a .22 caliber, bolt-action rifle," and the dog "expired in less than one minute." Br. 14. Petitioner argues the indictment is insufficient because it does not list the specific act of "shooting," but instead lists torture, beating, maiming and mutilation. Br. 14. This claim is barred from habeas review by Petitioner's guilty plea. The Supreme Court held, in *United States v. Cotton*, 535 U.S. 625, 630-31 (2002), that defects in the indictment are not jurisdictional. Consequently, the Supreme Court of Virginia's dismissal of these claims as "barred because a voluntary and intelligent guilty plea waives all non-jurisdictional defenses antecedent to a guilty plea," was reasonable and not contrary to clearly established federal law.

Petitioner asserts in Ground (H)(i) that probable cause did not exist for the General District

Court, or the magistrate who issued the warrants, to believe the statutes charged had been violated. Br. 17. Petitioner admits to violating two misdemeanor statutes, Virginia Code §§ 18.2-144 and 18.2-286. Br. 17. However, Petitioner was charged with, and pled guilty to, Virginia Code § 3.1-796.122(H)[4] prohibiting cruelty to animals, and Virginia Code § 18.2-280 prohibiting willfully discharging a firearm in a public place. Petitioner's attack on the validity of his arrest warrant is not an issue cognizable in a federal habeas corpus proceeding. *See Moreland v. United States*, 347 F.2d 376 (10th Cir. 1965) (holding illegal arrest is not grounds for collateral attack); *United States ex rel. Orsini v. Reincke*, 286 F.Supp. 974 (D. Conn. 1968), aff'd 397 F.2d 977 (2d Cir. 1968), cert. denied, 393 U.S. 1050 (1969) (same); *Streeter v. Craven*, 418 F.2d 273 (9th Cir. 1969) (holding the fact that an arrest may be technically illegal is not cognizable in habeas corpus, especially when there is no showing of prejudice resulting from the arrest). Moreover, Petitioner plead guilty to the charges. Therefore, the Supreme Court of Virginia's dismissal of this claims as "barred because a voluntary and intelligent guilty plea waives all non-jurisdictional defenses antecedent to a guilty plea," was reasonable and not contrary to clearly established federal law.

In Ground (I), Petitioner asserts the statutes to which Petitioner pled guilty are unconstitutionally void for vagueness as applied to his specific conduct. Br. 17-18. Petitioner asserts that due to the fact that he was in his home when he discharged a firearm resulting in the immediate death of a dog that was a companion animal, the statutes charged "are vague in the sense that they do not describe or enumerate [P]etitioner's specific conduct as being prohibited." Br. 18. Even if Petitioner were challenging the constitutionality of the statute, as applied to anyone, the law is not settled on whether this is a jurisdictional question. *See Slavek*, 359 F.Supp.2d at 488. As a result, the Supreme Court of Virginia's dismissal of this claim as "barred

---

[4] This code section was re-enacted in 2008 as Virginia Code § 3.2-6570.

11

because a voluntary and intelligent guilty plea waives all non-jurisdictional defenses antecedent to a guilty plea," was reasonable and not contrary to *clearly established federal law*. *Id.* Accordingly, Grounds (F)(i), (H)(i), and (I) should be DENIED because the Supreme Court of Virginia's dismissal of these claims was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, and did not rest upon an unreasonable finding of facts.

### 2. Ineffective Assistance of Counsel

Petitioner's Ground (K), claiming ineffective assistance of counsel, must be analyzed using the standard established by *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a review of counsel's performance, to determine 1) whether it fell below an objective standard of reasonableness and 2) whether Petitioner suffered actual prejudice as a result. *Strickland*, 466 U.S. at 687-96. The "performance prong" of review under *Strickland* requires Petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The "prejudice prong" requires Petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Because Petitioner pled guilty, the prejudice prong requires a higher threshold of proof. *See Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985). Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988), *cert. denied*, 488 U.S. 843 (1988). The fundamental inquiry is whether a "reasonable defendant, properly counseled, would not have pled guilty and would have insisted on going to trial." *Slavek,*

359 F.Supp.2d at 494; *see Hill,* 474 U.S. at 59. Additionally, when a defendant enters a plea voluntarily and intelligently, the representations made in the plea colloquy are binding, unless there is clear and convincing evidence to the contrary. *Fields v. Attorney General of Maryland*, 956 F.2d 1290, 1299 (4th Cir. 1992).

Because these claims are presented in a petition for federal habeas review under § 2254, Petitioner must show that the state court's dismissal of his ineffective assistance of counsel claims was contrary to, or an unreasonable application of, the *Strickland* standard. 28 U.S.C. § 2254. Moreover, applying the doubly deferential standards established in the AEDPA and *Strickland*, this court must determine "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Moore v. Hardee*, 723 F.3d 488, 495-96 (4th Cir. 2013) (quoting *Harrington v. Richter,* 131 S.Ct. 770, 788 (2011)). The petition can be granted only "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e] Court's precedents." *Id.*

In Ground (K), Petitioner asserts he was denied effective assistance of counsel due to counsel's scheduling a May 12, 2003 guilty plea hearing on April 16, 2003, the same day Petitioner was indicted, without having reviewed discovery with any intent to provide an adequate defense. Br. 19. Petitioner states his counsel received discovery on April 8, 2003, merely six working days before a scheduling order was entered scheduling Petitioner's guilty plea. *Id.* Petitioner further states counsel advised him one day after receiving discovery to waive preliminary hearing on the animal cruelty charge and plead guilty to the misdemeanor firearm charge. Pet'r's Reply 7, ECF No. 12.

During his guilty plea hearing in 2003, Petitioner indicated he: (1) understood each of the charges; (2) had sufficient time to talk with his counsel about each of the charges, the elements,

and the possible defenses; (3) decided to plead guilty because he was in fact guilty of each of the charges; (4) understood the maximum punishment; (5) was entirely satisfied with the services of his attorney; (6) reviewed and signed the Stipulation of Facts and had no additions or corrections; and (7) was pleading guilty freely and voluntarily. Tr. 3-11, May 12, 2003. Further, during his 2010 sentencing hearing, Petitioner testified about his actions the day of the offense and afterwards. Tr. 14-26, Aug. 6, 2010. He did not assert his guilty plea was invalid or that his counsel did not provide effective assistance. *Id.* The Supreme Court has remanded a lower court's ruling that trial counsel was ineffective based not on any specific errors of the attorney, but on certain factors effecting his representation, including: (1) counsel was a young lawyer with a real estate license who had never tried a jury trial before; (2) counsel was given 25 days to prepare for trial of a criminal case the government had investigated for four and one-half years including the review of thousands of documents; (3) the charges were complex and the offenses were serious; (4) certain witnesses were inaccessible; and (5) trial resulted in convictions of 11 out of 13 counts and a 25-year sentence. *United States v. Cronic*, 466 U.S. 648, 665-666 (1984). In this case, Petitioner admitted to using a rifle to shoot across the street and kill his neighbor's dog, and his counsel agreed to a scheduling order, on the same day he was indicted, scheduling Petitioner's guilty plea hearing. Br. 19. Under these circumstances, the Court cannot find the Supreme Court of Virginia unreasonably applied Supreme Court precedent in denying Petitioner's ineffective assistance of counsel claim premised on the lack of time between the indictment and the scheduling of a guilty plea hearing. Accordingly, Ground (K) should be DENIED.

### III. **RECOMMENDATION**

The Court recommends that Respondent's Motion to Dismiss be GRANTED (ECF No. 7), Petitioner's petition for writ of habeas corpus be DENIED (ECF No. 1), Petitioner's Motion to

Vacate (ECF No. 2) be DENIED, Petitioner's Motion for Summary Judgment (ECF No. 11) be DENIED, and Petitioner's claims be DISMISSED WITH PREJUDICE.

Grounds (A)(ii), (B)(ii), (C)(ii), (D)(ii), (E)(ii), (F)(ii), (G)(ii), and (H)(ii) should be DENIED because these grounds were not raised before the Supreme Court of Virginia, and would be procedurally defaulted in state court if raised now, and thus the grounds are simultaneously exhausted and procedurally defaulted.

Grounds (A)(i), (B)(i), (C)(i), (D)(i), (E)(i), and (G)(i) are procedurally defaulted and should be DENIED.

Grounds (F)(i), (H)(i), (I), and (K) should be DENIED because the Supreme Court of Virginia's dismissal of these claims was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, and did not rest upon an unreasonable finding of facts.

### IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and

recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

                                                  /s/
                                            Tommy E. Miller
                                  United States Magistrate Judge

Norfolk, Virginia
March 7, 2014

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Michael Lee McLeod, #1314580
Bland Correctional Center
256 Bland Farm Road
Bland, VA 24315


Robert H. Anderson, III, Esq.
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219


Fernando Galindo, Clerk

By _____
Deputy Clerk

March 7, 2014